**Brooks FINDLEY et ux., Appellants,**

v.

**Alma Layton DECKER, Appellee.**

**No. 5274.**

Court of Civil Appeals of Texas,
Waco.

Aug. 30, 1973.

James E. Ferguson, Cleburne, for appellants.

McPherson & Boulware, Dan M. Boulware, Cleburne, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from a judgment rendered after trial without a jury in which the trial court declared a deed from Appellee and her deceased husband to Appellants to be a mortgage on Appellee's homestead, and in which judgment the trial court ordered the deed cancelled. Appellants base their appeal on two points of error. We affirm.

■ By their first point Appellants assert the trial court erred in admitting into evidence the testimony of Plaintiff-Appellee's co-counsel McPherson on the ground that it was a privileged communication and a violation of the Canons of Ethics of the Texas State Bar and the American Bar Association. We overrule this point.

Prior to the execution of the deed in question from Plaintiff-Appellee Alma Layton Decker and her deceased husband W. E. Layton to Defendant-Appellants Brooks Findley and wife, Mr. Layton and Mr. Findley had a conference with Mr. H. M. McPherson, the law partner of Plaintiff-Appellee's attorney. Mr. McPherson testified that on this occasion Findley and Layton told him (McPherson) they wanted a deed to be prepared and executed by Mr. and Mrs. Layton of the Layton homestead property to Mr. and Mrs. Findley in such a way as to enable the Findleys to get a loan on the property with a loan company. McPherson was told that the Laytons owned and were living upon the property, and had no intention of vacating the property. McPherson further testified that he refused to accept employment or to handle the transaction because it was an attempt to improperly mortgage homestead property.

In the trial, Appellants objected to the admissibility of the McPherson testimony upon the ground that it was a privileged communication, in view of the fact that McPherson was the law partner of Plaintiff-Appellee's attorney. The trial court admitted the McPherson testimony, and by their first point Appellants now assert the testimony is inadmissible for the further reason that it violates the Canons of Ethics of the Texas State Bar and of the American Bar Association.

Our careful review of the record as a whole reveals that the testimony is overwhelmingly to the effect that the property in question was the homestead of Plaintiff-Appellee and her deceased husband (the Laytons), that they owned the property and lived on it both before and after the deed in question was made to Appellants and had no intention of vacating the property at the time the deed in question was made to the Findleys; and that all parties herein intended the deed to be a mortgage. In other words, there is ample evidence in the record apart from the McPherson testimony to support the trial court's finding that the deed in question was intended by all parties concerned to be a mortgage. In a case tried before the court without a jury, where the record contains sufficient evidence to support the judgment, it is presumed that any inadmissible evidence that was heard was disregarded by the trial judge in rendering his judgment. That is to say, in such a situation, the presumption obtains that the trial court founded his judgment on the competent testimony in the record. Victory v. State (1942), 138 Tex. 285, 158 S.W.2d 760. Therefore, should we assume for the purposes of argument that the admission into evidence of the McPherson testimony was error, then it was of necessity harmless error. Rule 434, Texas Rules of Civil Procedure.

The trial court's judgment held the deed in question to be a mortgage, and divested the Appellants (the Findleys) of all right, title, and interest in and to the property which was the subject matter of the deed. By Appellants' second point it is asserted the trial court erred in failing to award Appellants a money judgment against the Appellee in the amount of $8000.00, the amount of the loan which Appellants secured on the property in question. We overrule this point. Appellants did not seek this relief in the trial court by way of pleadings or proof, and cannot now complain for the first time on appeal of the trial court's failure to grant such relief. Appellants are restricted on appeal to the theory or theories on which the case was tried in the trial court. We are not authorized to consider a theory of recovery that was not before the trial court and that it was not called on to decide. See 3 Tex. Jur.2d, "Appeal and Error—Civil", par. 371, p. 628.

The trial court's judgment declares the deed in question to be a mortgage in favor of Tarrant Savings Association, Fort Worth, Texas, in the amount of $8000.00. The recited lienholder was not a party to the suit, and the validity of this lien is not before us. We therefore express no opinion herein concerning the validity of this lien.

Judgment of the trial court is affirmed.

Affirmed.