**Eva June Blackstock KIMERY, Appellant,**

**v.**

**Thomas J. BLACKSTOCK, Appellee.**

No. 5556.

Court of Civil Appeals of Texas, Waco.

July 1, 1976.

Bob L. Sullivan, Fort Worth, for appellant.

Michael J. Rogers, Cleburne, for appellee.

HALL, Justice.

Eva June Blackstock and Thomas J. Blackstock were divorced in January, 1974. The custody of their children, a boy born in September, 1965, and a girl born in September, 1973, was awarded to the mother. The father brought this action in April, 1975, seeking custody of the children. After a hearing without a jury, the court rendered judgment in July, 1975, changing custody of the boy to the father, but leaving custody of the girl with the mother. The mother appeals contending, among other things, that the evidence is legally and factually insufficient to support a finding of material change of conditions since the prior custody order, and that the court erred when it

interviewed the boy in chambers without her counsel present. We affirm.

■ Both the father and the mother of the children have married again. The father remarried in February, 1974; the mother remarried in June, 1975. The father's second wife has custody of two sons of a former marriage. Their ages are nine and six. They and the boy in question get along fine. The mother's new husband is the custodian of a 14-year-old daughter of his former marriage. There is evidence indicating the father's marriage is at this time the more stable of the two. There is also testimony from which the trial court could have believed that the boy's stepfather will have little time to spend with him; that the boy is not receiving proper parental supervision and training from his mother; that he will receive adequate attention and supervision from his father, stepmother, and paternal grandparents if he is placed with his father; and that the boy wishes to live with his father. These facts are some evidence supporting the finding of a change of circumstances material to the welfare of the boy. A review of all of the evidence convinces us that this finding is not against the great weight and preponderance of the evidence.

■ When the parties concluded their proof, the court stated that he would talk with the boy in chambers, but with only the children's court-appointed counsel present, to determine the boy's wishes as to his conservator. The interview was held without objection and is a part of the record.

The court was authorized by V.T.C.A., Family Code § 14.07, to hold the interview with the boy outside the presence of the parties and their counsel. Moreover, the mother's complaint for the first time on appeal comes too late.

All points of error are overruled. The judgment is affirmed.