Milton C. LAMBERT, Appellant,

v.

Susan Mills LAMBERT, Appellee.

No. 16784.

Court of Civil Appeals of Texas, Houston (First Dist.).

Dec. 16, 1976.

Fidler & Boerstler, Donald H. Fidler, Houston, for appellant.

Haynes & Fullenweider, Robert B. Wallis, Houston, for appellee.

EVANS, Justice.

This is an appeal from the trial court's order, after a non-jury hearing, increasing the father's child support payments. Its judgment will be affirmed.

The parties were divorced by decree entered May 22, 1974. Under the divorce decree, the mother was awarded custody of the two minor children, Deborah, then 8 years of age, and Dinah, then about 3 years of age. The father was not required by the terms of the decree to make specific support payments to the mother for the children's benefit; however, in accordance with the terms of the parties' property settlement agreement, the father was directed to pay, as child support, the monthly debt installments, taxes, and other charges due on the homestead property which was set apart to the mother. The monthly installments were in the amount of $250.00 each and taxes and other charges approximated an additional $100.00 per month. After the hearing in the instant proceeding, the trial court continued in effect the husband's duty to discharge the obligations with respect to the homestead, and, modifying its prior decree, additionally required the father to pay the sum of $200.00 per month to the Harris County Child Support Division for the support of the two children.

The mother testified that as the children had gotten older, their activities had increased, requiring additional financial assistance. The clothing bill for the two children had almost doubled. Dinah had eye problems and was required to wear glasses. Debbie had suffered intestinal disorders due to nervous tension and was undergoing psychotherapy. The food bill for the children had also increased as they had grown older. A neighbor who often kept the children and with whom the children had supper on many occasions testified that her food bill had increased approximately $200.00 a month. A list summarizing the mother's testimony with respect to the various items of monthly expenditures for the children was introduced in evidence, indicating that her average monthly expenditure for the two children, not including their proportionate share of the house payment, taxes and insurance, was in the amount of $409.00.

The evidence indicated that the income of both parties had increased since the date of the divorce. The mother's gross salary had increased from $550.00 per month to $785.00 per month. The father's salary had increased from $1,308.00 per month to $1,800.00 per month; however, he testified that additional expenses actually caused a reduction in his take-home pay. The father had remarried and his present wife contributed her salary to their household. The testimony indicated she grossed between $165.00 and $170.00 per week and that her take-home pay was $91.00 per week.

The trial court found that there had been a general cost of living increase; that the father's income had substantially increased since the date of the divorce; that both children had developed health problems requiring more medical and dental care; that the age and growth of the children were such that they required new clothing more frequently, and that the mother was employed and contributed to the support of

the children. The court concluded that the evidence was insufficient to determine the father's actual monthly expenses, but that there had been a material and substantial change of circumstances both with respect to the children and the father since the entry of the divorce, requiring an increase in the child support payments.

In his first three points of error the father contends that the evidence is legally and factually insufficient to support the trial court's findings and that its order is against the great weight and preponderance of the evidence. In his fourth point he contends that the trial court committed reversible error in admitting evidence as to the income of the present wife, contending that it was immaterial to the issues before the court.

In *Bernard v. Bernard*, 491 S.W.2d 222, 224 (Tex.Civ.App.-Houston [1st] 1973, no writ), this court through Chief Justice Bell stated:

"There being shown a change in conditions since the original fixing of child support, the reduction of support and the amount thereof are within the discretion of the trial court. This court may not disturb the trial court's action unless a clear abuse of discretion is shown. The court should keep in mind what is reasonably necessary to support the children. Further, the court may consider the ability of both parents to contribute to support. Both parents are under an obligation to help support their children. In determining whether there has been an abuse of discretion each case must stand on its own facts. *Hobdy v. Lewis*, 409 S.W.2d 428 (Tex.Civ.App.-Ft. Worth), n. w. h.

"In the case of *Gully v. Gully*, 111 Tex. 233, 231 S.W. 97, our Supreme Court stated the rule governing the father's duty of support thus:

" 'In determining the duty of the husband to supply necessaries to his children, before and after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all his lawful obligations, which may include

those assumed to another wife and to other children, and in no event is he liable for food, clothing, attention, or education other than such as is suitable to his and their circumstances in life.' "

In the case at bar, the father contends that the testimony of his former wife with respect to her monthly expenses was conflicting and contradictory and that her testimony showed at best a general increase in the cost of living. He argues that evidence as to the ordinary growth needs of the children did not produce any unusual change of circumstances authorizing an increase in their support payments.

■■■ The rules for evaluating the testimony of interested parties are the same in jury and non-jury trials. *Gibbs v. Wheeler*, 306 S.W.2d 929 (Tex.Civ.App.—Austin 1957, writ ref'd n. r. e.). The trial judge, in a non-jury proceeding, must determine the witnesses' credibility and the weight to be accorded their testimony. A party's unfavorable testimony may be conclusive against his recovery but only when his admission is clear and definite and continues to stand unchallenged and unexplained at the close of all of his evidence. See *United States Fidelity & Guaranty Co. v. Carr*, 242 S.W.2d 224, 229 (Tex.Civ.App.-San Antonio 1951, writ ref'd); McDonald, Texas Civil Practice, Vol. 3, Section 11.28.7, pp. 252–254. It is for the trier of fact to weigh and consider any contradictions and inconsistencies within a party's testimony. *J. Weingarten, Inc. v. Obiedio*, 515 S.W.2d 308, 313 (Tex.Civ.App.-Houston [1st] 1974, writ ref'd n. r. e.).

". . . [I]n a nonjury case the trial court is the judge of the credibility of the witnesses and the weight to be accorded their testimony. Where there is evidence of probative force to support the findings and the judgment of the trial court, such findings will not be disturbed, even though the evidence is conflicting and the reviewing court might have concluded otherwise. [Citation omitted.]" *Sauer v. Johnson*, 520 S.W.2d 438, 441 (Tex.Civ. App.-Austin 1975, writ ref'd n. r. e.).

This court is unable to determine that the trial court abused its discretion in increasing the father's child support payments in the amounts stated. There is evidence which, if believed by the court, showed an increased need on behalf of the children and an increase in the father's financial ability to provide for the children's support. The testimony with respect to the second wife's income was relevant to the inquiry before the court, despite the father's contention that his financial ability to pay increased child support was not in issue. Neither by his pleadings nor by stipulation did the father concede his financial ability to pay an increased amount of child support, and the mother properly offered proof of his financial ability. The first four points of error are overruled.

In his fifth point of error the father contends the trial court erred in denying his request for additional and amended findings of fact. The requested amended findings are not deemed material since they merely reflect differing inferences which may be drawn from the undisputed evidence. The requested additional findings are of an evidentiary nature and do not represent ultimate controlling issues in the case. This court can ascertain no error in the trial court's refusal to grant the father's request for amended and additional findings. See *Morton v. Hill*, 355 S.W.2d 269 (Tex.Civ.App.-Eastland 1962, writ ref'd n. r. e.). This point is overruled.

In his sixth point of error the father contends the conduct of the mother's counsel in making prejudicial statements during the hearing was inflammatory and resulted in an improper judgment in favor of the mother. Some of the statements of counsel of which complaint is made may have been inappropriate, but there is no indication that the trial judge was improperly influenced by such remarks. In a non-jury case, where there is sufficient evidence to support the judgment, a presumption obtains that the trial court founded its judgment only upon competent testimony. *Findley v. Decker*, 499 S.W.2d 350, 352 (Tex.Civ.App.-Waco 1973, no writ).

In his seventh point of error the father complains that the trial court erred in awarding attorney's fees in the amount of $750.00, contending that there is no reasonable basis in the evidence as to the time and effort spent by the mother's counsel. There was evidence from which the trial court could have determined that the services were reasonably incurred in the prosecution of the case on behalf of the children's mother. An itemized statement for services rendered on behalf of the mother was introduced into evidence showing that her counsel had expended a total of 35.75 hours which, at the agreed rate of $50.00 per hour, amounted to a total sum of $1,787.50. Adding an additional sum of $323.25 for out of pocket expenses, a fee for counsel's services and expenses was rendered in the total amount of $2,175.69. The trial court's order authorized total attorney's fee of $750.00, and disallowed recovery of costs. The record does not indicate an abuse of discretion on the part of the trial court in awarding this fee.

The judgment of the trial court is affirmed.