**Faye Lynn GRAHAM, Appellant,**

v.

**Terry Alexander GRAHAM, Appellee.**

**No. 6077.**

Court of Civil Appeals of Texas, Waco.

July 19, 1979.

Rehearing Denied Aug. 16, 1979.

Nicholas A. Kelsey, Waco-McLennan County Legal Aid, Waco, for appellant.

Galen B. Edwards, Richard V. McCall, Edwards, McCall, Schwartze & Edwards, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Faye Lynn Graham from that portion of a judgment in a divorce case which appointed appellee Terry Alexander Graham Managing Conservator of the parties' minor daughter Melode Ann.

Appellant sued appellee for divorce, and sought to be appointed Managing Conservator of the parties' two minor children Melode Ann and Nicole Lee.

Appellee cross petitioned for divorce and to be appointed Managing Conservator of the children.

Trial was to the court, which decreed the parties' divorce; appointed appellee Managing Conservator of Melode Ann; appointed appellant Managing Conservator of Nicole Lee; appointed appellant Possessory Conservator of Melode Ann; appointed appellee Possessory Conservator of Nicole Lee; established visitation rights for the parties; and required appellee pay $15. per week child support for Nicole Lee.

The trial court filed Findings and Conclusions summarized as follows:

### Findings of Fact

a) The parties were married December 28, 1974 and separated April 20, 1978.

b) Proceedings for divorce were filed June 30, 1978.

c) The parties have two children of this marriage under 18, one of which was unborn at the time this divorce action was commenced, to wit:

Melode Ann Graham        Sex: Female
Birthdate: October 29, 1975

Nicole Lee Graham        Sex: Female
Birthdate: September 26, 1978

d) The children have never lived together at any time.

e) It is to the best interest of Melode Ann to appoint appellee as her Managing Conservator.

f) And to appoint appellant as her Possessory Conservator.

g) It is to the best interest of Nicole Lee to appoint appellant as her Managing Conservator.

h) And to appoint appellee as her Possessory Conservator.

i) There are clear and compelling reasons justifying divided custody of the children.

### Conclusions of Law

a) The best interest of the child is the primary consideration in determining questions of Managing Conservatorship.

b) In determining who shall be appointed Managing Conservator, the court should consider the circumstances and qualifications of the person without regard to the sex of said person.

c) d) It is in the best interest of Melode Ann for appellee to be appointed her Managing Conservator; and appellant be appointed Possessory Conservator.

e) f) It is in the best interest of Nicole Lee for appellant to be appointed her Managing Conservator; and appellee be appointed Possessory Conservator.

g) Clear and compelling reasons justify divided custody in this case.

Appellant appeals on 7 points.

Point 1 asserts the trial court erred in refusing appellant's request for specific finding of material fact as to clear and compelling circumstances justifying the division of custody, because the finding, as is, is legally insufficient to sustain the conclusions of law and judgment dividing custody; points 2 thru 4 assert the trial court abused its discretion in dividing custody of the two sisters in that there is no evidence the division was in their best interest, the division is contrary to the great weight and preponderance of the evidence, and such division is based on factually insufficient evidence to support the judgment; and point 6 asserts the trial court erred in placing Managing Conservatorship with appellee because the actual effect was to place custody with the paternal grandparents absent intervention by the grandparents.

■ The paramount concern of courts in determining custody of a child is the best interest of the child. The trial court has a wide discretion in determining the best interest of a child and in awarding custody of the child, and its award will not be reversed unless an abuse of discretion is clearly shown. *Mumma v. Aguirre*, Tex., 364 S.W.2d 220; *Taylor v. Meek*, 154 Tex. 305, 276 S.W.2d 787; *Adams v. Adams* (El Paso, Tex.Civ.App.) NWH, 519 S.W.2d 502; *Renfro v. Renfro* (Waco, Tex.Civ.App.) NWH, 497 S.W.2d 807.

■ And technical rules of practice and pleading are of little importance in determining issues concerning custody of divorced parents. *Leithold v. Plass*, Tex., 413 S.W.2d 698; *Mayo v. Hall* (Waco, Tex.Civ.App.) NWH, 571 S.W.2d 213.

■ The custody of children of a marriage should not be divided except for clear and compelling reasons, but when clear and compelling reasons do exist, such rule yields to that custody which in the sound discretion of the trial court, is in the best interest of the child. *Griffith v. Griffith* (Tyler, Tex.Civ.App.) NWH, 462 S.W.2d 328; *Beadles v. Beadles* (Texarkana, Tex.Civ.App.) NWH, 251 S.W.2d 178; *Kimery v. Blackstock* (Waco, Tex.Civ.App.) NWH, 538 S.W.2d 503.

■ The trial court found that it is in the best interest of Melode Ann for appellee to be her Managing Conservator; and that there are clear and compelling reasons for justifying divided custody of the two children.

The evidence in this case demonstrates that appellee is the best suited to provide financial security for Melode Ann; that the arrangement he proposes with his mother and in her home is far better for Melode Ann than the lack of proposals afforded by custody with appellant. We cannot say from the record as a whole that the trial court abused its discretion in awarding the divided custody as it did, and we think the evidence ample to sustain the judgment.

■ Point 5 asserts the trial court erred in denying appellant's motion for new trial based upon the conduct of Will Richards, a witness for appellee, which denied appellant a fair and impartial trial and fundamental due process of law; and point 7 asserts the trial court erred in making the statements for the record in the hearing of the motion for new trial.

After the trial but before the Judge rendered judgment, Will Richards, who had been a witness for appellee, came to the Judge's office and told him appellant had threatened to have him killed if she lost her baby. The Judge referred Richards to the District Attorney's office. The Judge stated into the record on motion for new trial "in no way did anything that the witness told this Court have anything to do with the Court's decision except what he testified to under oath where all parties were present".

It is presumed that every judge who has heard improper evidence is able to and does in fact disregard same when rendering his judgment. *Findley v. Decker* (Waco, Tex.Civ.App.) NWH, 499 S.W.2d 350; *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760; *Wilcox v. Dillard* (Amarillo, Tex.Civ.App.) err. ref., 3 S.W.2d 507; *Creager v. Douglas*, 77 Tex. 484, 14 S.W. 150.

Moreover appellant has shown no harm. Rule 434, TRCP. All appellant's points are overruled.

AFFIRMED.