TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00202-CV







Randall T. Peterson, Appellant


v.


Wendi Kirk, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY

NO. 94-866-FC2, HONORABLE ROBERT F. B. (SKIP) MORSE, JUDGE PRESIDING






 Appellant Randall T. Peterson challenges a trial court order awarding $2,200 in past-due child support and $1,654 in past-due health insurance and medical expenses payable to appellee
Wendi Kirk and modifying the parties' divorce decree regarding future child-support payments and
visitation. By eight points of error, Peterson contends that the trial court abused its discretion by
failing to transfer the case to another jurisdiction, admitting certain evidence, finding him in
contempt, deviating from statutory guidelines regarding child support and visitation, and awarding
Kirk attorney's fees. We affirm the trial court's order.


BACKGROUND


 The parties, parents of two children, were divorced on October 26, 1994. Kirk was
named managing conservator of the children. The divorce decree required Peterson to pay to Kirk
child support in the amount of $400 per month and additional sums of money as described by the
Marital Settlement Agreement that was specifically incorporated in the divorce decree by reference. 

The divorce decree further required Peterson, as additional child support, to carry and maintain
medical, health, and dental insurance for the benefit of the parties' children.

 Peterson, Kirk, and the two children lived in Williamson County at the time of the
divorce. Peterson was in the military, and after leaving the military, he moved to Wichita County. 
Kirk also moved, taking their two children with her to North Carolina.

 On May 10, 2001, Kirk filed in Williamson County a motion for enforcement and a
motion to modify requesting an increase in child-support payments. On June 28, 2001, Peterson
filed a general denial, and on July 18, he filed an amended answer, motion to transfer, a cross-motion
to modify, and an answer to the motion for enforcement. After a hearing on August 10, the trial
court in its order on Kirk's motion for enforcement awarded Kirk $2,200 in past-due child support
and $1,654 in past-due health insurance and medical expenses, specifically indicating in the order
that it found that Peterson failed to make child-support payments, failed to maintain health insurance
for the children, and failed to reimburse Kirk for uninsured health expenses as required under their
divorce decree. In addition, the court, in its order on Kirk's motion to modify, modified the divorce
decree regarding child-support payments and visitation. Peterson now appeals both orders to this
Court.


DISCUSSION

 By his first point of error, Peterson contends that the trial court erred in failing to
transfer this case, arguing that because no party of interest lived in the jurisdiction of the court, the
court was required by statute to transfer the case. See Tex. Fam. Code Ann. § 155.301(a) (West
2002). (1)
 The court concluded that Peterson waived his right to transfer because he did not timely file
his motion requesting transfer. We agree. Section 155.301(c) provides that the procedures for
determining and effecting a transfer under chapter 155 apply to a transfer under section 155.301. 
See id. § 155.301(c). Section 155.204 governs the procedure for a motion to transfer venue and
provides in relevant part:



 . . . a motion to transfer by a petitioner or movant is timely if it is made at the
time the initial pleadings are filed. A motion to transfer by another party is
timely if it is made on or before the first Monday after the 20th day after the date
of service of citation or notice of the suit or before the commencement of the
hearing, whichever is sooner. If a timely motion to transfer has been filed and
no controverting affidavit is filed within the period allowed for its filing, the
proceeding shall be transferred promptly without a hearing to the proper court.




Tex. Fam. Code Ann. § 155.204 (West 2002). Peterson was served with citation on May 22, 2001. 
He filed a general denial on June 28, 2001. He did not file a motion to transfer until July 18. As a
result, Peterson's motion to transfer was not filed on or before his answer date or at the time his initial
pleading was filed. (2) Therefore, the trial court did not err in concluding that Peterson waived his right
to transfer because he did not timely file his motion. Bollard v. Berchelmann, 921 S.W.2d 861, 866
(Tex. App.--San Antonio 1996, no writ); Garza v. Texas Dep't of Human Servs., 757 S.W.2d 44, 47
(Tex. App.--San Antonio 1988, writ denied). We overrule Peterson's first point of error.

 By his sixth point of error, Peterson contends that the trial court erred in admitting the
parties' "Marital Settlement Agreement" into evidence. He argues that it was error to admit the
settlement agreement because the original agreement was missing from the court's file. A review of
the record shows that the trial judge did not have a copy of the agreement in the file he had on the
bench. No evidence was offered to indicate, and the record does not reflect, that the original
agreement was not in the court's original file in the clerk's office. Furthermore, the record includes
a copy of the agreement, which was attached to Kirk's motion for enforcement as an exhibit and
certified by the court clerk as a true and correct copy of the original document. Under these facts, we
conclude that the trial court did not err in admitting the agreement into evidence. Peterson's sixth
point of error is overruled. (3)

 By his second, third, fourth, fifth, and seventh points of error, Peterson contends that
the trial court abused its discretion in making certain findings and rulings based on those findings. 
A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner or without
reference to any guiding rules or principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985). This Court may not reverse for abuse of discretion merely because we
disagree with the decision of the trial court. See id. at 242.

 By his second point of error, Peterson contends that the trial court erred in finding him
in contempt in failing to pay the additional child support referenced in the settlement agreement. He
argues that the settlement agreement does not provide a clear statement of the amount of additional
support he is required to pay, and he directs our attention to Ex Parte Slavin, 412 S.W.2d 43 (Tex.
1967), in support of his argument. The Slavin court sets out the standard for holding a person in
contempt: ". . . for a person to be held in contempt for disobeying a court decree, the decree must
spell out the details of compliance in clear, specific and unambiguous terms so that such person will
readily know exactly what duties or obligations are imposed upon him." Id. at 44. Peterson contends
that the settlement agreement violates this standard. We disagree. The settlement agreement did not
state a specific amount for the additional sum; however, it provided a formula for calculating that sum
in clear, specific, and unambiguous terms. The agreement provides:


The sum of child support shall increase by equaling percentages in conjunction with
any pay raises or promotions of Randall T. Peterson . . . . The sum for child support
shall include the above amount [$400.00 per month], in addition to an amount equal
to one-half the amount of Basic Allowance for Quarters entitlement earned by
Randall T. Peterson. The Basic Allowance for Quarters entitlement is earned by
Randall T. Peterson as a means to provide housing for the children of the parties.



Thus, the amount is readily ascertainable. Peterson also argues that the agreement does not provide
a clear statement regarding the length of the period he is obligated to pay additional support. The
agreement specifically provided that he was required to pay the percentage increases based on any
pay raise or promotion for the entire time he was obligated under the divorce decree to make the
$400 monthly payment. In addition, the agreement required him to pay an amount equal to one-half
the amount of his Basic Allowance for Quarters entitlement until the parties agreed to discontinue
that payment. Based on our reading of the language of the settlement agreement and on the
testimony that he failed to pay the additional sums during certain periods, we conclude that the trial
court did not err in finding Peterson in contempt for failing to pay additional support.

 Finally, Peterson argues under this same point of error that the trial court erred in
considering his testimony for purposes of contempt when he testified only for purposes of Kirk's
motion and his cross-motion to modify. Our review of the record indicates that, even excluding his
testimony, the evidence presented at trial was factually sufficient to support the trial court's order. (4) 
Peterson's second point of error is overruled.

 By his third point of error, Peterson contends that the trial court erred in finding him
in contempt based on the arrearage because Kirk's pleadings were not sufficient to support a finding
that he was in arrears in child-support payments. He directs our attention to Ex Parte Stephens, 734
S.W.2d 761 (Tex. App.--Fort Worth 1987, no writ). In that case, the court voided a judgment for
contempt, explaining that the evidence did not support the contempt judgment because no evidence
was introduced at trial to show that Stephens was in arrears; rather, the only evidence introduced was
that he failed to timely pay. Id. at 764. The court explained that, under the pleadings in that case,
the trial court only had power to hold Stephens in contempt for non-payment, and not for failure to
timely pay. Id. at 763. Because no evidence was presented regarding an arrearage, the court found
there was no evidence to support the allegations in the petition for contempt. Id. at 764. This case
is distinguishable. Kirk's motion for contempt specifically alleged that Peterson was in arrears in
the amount of $2,200, she introduced evidence to support that allegation, and Peterson did not
dispute that evidence. We conclude that the trial court did not err in finding Peterson in contempt
based on the arrearage, and the motion for contempt was sufficient to support the court's order. 
Peterson's third point of error is overruled.

 By his fourth point of error, Peterson contends that the trial court erred in finding him
in contempt in failing to pay the children's health insurance and medical expenses. He argues that
Kirk failed to clearly allege in her motion for enforcement the specific expenses he was required to
pay; she simply states that he "has failed to maintain medical health and dental insurance on the
children, the subject of this suit." Furthermore, he argues that she did not specifically request
reimbursement. Accordingly, he contends that Kirk's pleadings were insufficient to support the trial
court's order.

 Texas case law has long supported the proposition that a trial court has broad
discretion relating to issues regarding the custody of children. In Leithold v. Plass, 413 S.W.2d 698
(Tex. 1967), the Texas Supreme Court, when confronted with the question of whether it was proper
for a trial court to render a judgment based on visitation when only custody had been pleaded, stated:


We are of the view that a suit properly invoking the jurisdiction of a court with
respect to custody and control of a minor child vests that court with decretal powers
in all relevant custody, control, possession, and visitation matters involving the child.



Id. at 701. As the court explained, this approach is appropriate because the technical rules of
pleading are of little importance in issues of child custody once the child is properly brought within
the jurisdiction of the trial court. Id.; accord Graham v. Graham, 584 S.W.2d 938, 940 (Tex. Civ.
App.--Waco 1979, no writ); Rocha v. Villareal, 766 S.W.2d 895, 898 (Tex. App.--San Antonio
1989, no writ). The paramount concern in such cases is the best interest of the child, and the
formalities of the procedural rules of pleading will not be used to defeat that interest. Boriack v.
Boriack, 541 S.W.2d 237, 242 (Tex. Civ. App.--Corpus Christi 1976, writ dismissed) (no error
where trial court ordered wife to pay support even though pleadings did not request same; best
interest of child was paramount concern).

 Kirk specifically alleged in her motion for enforcement that Peterson failed to
maintain medical health and dental insurance. She also testified to the amount of the expenses she
incurred as a result. Peterson did not dispute the accuracy of this testimony. Peterson has asserted
technical arguments claiming that Kirk's pleadings were insufficient. Kirk's pleadings stated that
Peterson "has failed to maintain medical health and dental insurance on the children, the subject of
this suit." Although she may not have specifically pleaded for reimbursement, we conclude that this
statement was sufficient to provide Peterson sufficient notice that the issue of reimbursement would
be addressed concurrently with the issues relating to failure to pay child support. Accordingly, we
conclude that the trial court did not abuse its discretion in ordering reimbursement based on the
undisputed testimony regarding the health insurance and medical expenses.

 Peterson also argues under this point of error that the trial court erred in ordering him
to reimburse appellee for her payment of insurance premiums because the premium amount covers 
the parties' two children and a child from Kirk's subsequent marriage. Our review of the record
indicates that the amount of the insurance premium Kirk was required to pay for two children was
the same as the premium for three. The premium does not increase for additional children above two
until ten children are placed on the policy. Based on the way this policy is administered, Peterson
would be required to pay the same amount to cover his two children even if Kirk did not have an
additional child. Under these facts, we conclude the trial court did not err in refusing to adjust the
premium amount Peterson was required to pay. Peterson's fourth point of error is overruled. 

 By his fifth point of error, Peterson contends that the trial court erred in refusing to
apply the statutory guidelines for determining child-support payments he is required to make. See
Tex. Fam. Code Ann. § 154.125 (West 2002). In the court's findings of fact and conclusions of law,
the court stated its specific reasons, based on the evidence adduced at trial, why it was deviating from
the statutory guidelines:


[1] the ability of Randall T. Peterson to contribute to the support of the children;


[2] all financial resources available to Randall T. Peterson;


[3] the amount of time the children are in possession of Wendi Kirk due to the fact
that Randall T. Peterson exercises no visitation with the children;


[4] the earning potential of Randall T. Peterson based upon evidence of his past
employment;


[5] the fact that Randall T. Peterson is intentionally underemployed.


 The additional factors included in Texas Family Code § 154.123 (2), (2), [sic],
(4), and (5)[ (5)] justify this Court's variation from the guideline calculation of
support.




 The application of the guidelines to the calculation of child support in this case
would be unjust and inappropriate under the circumstances of this case and the
ordered variation from the guideline support is in the best interest of the
children.




Our review of the record reveals that the trial court's findings and conclusions with regard to this
matter are supported by the record. Peterson acknowledges in his reply brief to this Court that the
rulings of the trial court complained of in his fifth point of error may have been in the trial court's
discretion; he complains, however, that it may not have been in the children's best interest. Because
the children will be receiving additional child-support payments over and above the statutory
guidelines, we cannot conclude that this violates the best-interest-of-the-child standard. 
Accordingly, we conclude that on this record the trial court did not err in imposing child-support
payments in an amount greater than the statutory guidelines. Peterson's fifth point of error is
overruled.

 By his seventh point of error, Peterson contends that the trial court erred by imposing
a visitation schedule that "made a mockery" of his right to visit his children. Undisputed testimony
was given at trial showing that Peterson had minimal contact with his children; he had neither
visited by phone nor in person during the seven-year period between the parties' divorce and the
filing of the present case. Furthermore, Peterson resides in Texas, while his children reside in North
Carolina. Based on these facts, the trial court found that "the circumstances of the parties and the
children are such that the immediate entry of a standard possession order would not be in the best
interest of the children." The family code grants a trial court the authority to deviate from a
standard possession order if standard possession would be inappropriate or unworkable. Tex. Fam.
Code Ann. §§ 153.252-.253 (West 2002). Because the trial court found that a standard possession
order would not be appropriate, it ordered a graduated visitation schedule, beginning with telephone
calls, then visits in the children's home state, ultimately graduating to a standard possession
schedule as provided by the family code. See Tex. Fam. Code Ann. §§ 153.311-.317 (West 2002). 
Thus, the schedule ordered by the court allows the children, who have had minimal contact with
their father in the past seven years, an opportunity to establish a relationship with him in a familiar
setting before traveling a significant distance to a strange place to visit him. We conclude that
under these facts the trial court did not err in deviating from the standard possession schedule and
acted in the best interest of the children. Peterson's seventh point of error is overruled.

 By his eighth point of error, Peterson contends that the trial court erred in awarding
Kirk attorney's fees. He argues that if we reverse the trial court's decision, Kirk is not entitled to
attorney's fees. Having overruled his seven previous points of error, we have no basis for reversing
the trial court's order awarding Kirk's attorney's fees. An award of attorney's fees is within the
discretion of the trial court. Tex. Fam. Code Ann. 106.001 (West Supp. 2002); Bruni v. Bruni, 924
S.W.2d 366, 368 (Tex. 1996); Cohen v. Sims, 830 S.W.2d 285, 290 (Tex App.--Houston [14th
Dist.] 1992, writ denied). Peterson's eighth point of error is overruled.


CONCLUSION

 Having overruled each of Peterson's eight points of error, we affirm the order of the
trial court.



 _________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: December 19, 2002

Do Not Publish

1. Section 155.301(a) of the family code provides:



 A court of this state with continuing, exclusive jurisdiction over a suit or an
action for child support under Chapter 159 shall transfer the proceeding to
the county of residence of the resident party if one party is a resident of this
state and all other parties including the child or all of the children affected
by the proceedings reside outside this state.


2. Peterson contends that he subsequently filed a cross-motion to modify, granting him the
status of a " movant." He argues that by filing his motion to transfer contemporaneously with his
cross-motion, he timely filed his motion to transfer with his initial pleading as a movant. We
conclude that Peterson's cross-motion was a supplemental pleading, not an initial pleading; as such,
he was not entitled to delay filing his motion to transfer.
3. Peterson also argues under his sixth point of error that the trial court should not have
considered the agreement because it does not set out a clear order of payments. This argument,
however, is a reiteration of his argument under point of error two. Accordingly, we will address this
issue in the discussion of his second point of error. 
4. A factual insufficiency point requires us to examine all the evidence to determine whether
the finding in question is so against the great weight and preponderance of the evidence. In re
King's Estate, 244 S.W.2d 66, 661 (Tex. 1951). However, when there is some evidence of
substantive and probative character to support the trial court's decision, no abuse of discretion
occurs. Wilemon v. Wilemon, 930 S.W.2d 290, 294 (Tex. App.--Waco 1996, no writ).
5. Section 154.123(b) provides in part:



 In determining whether application of the guidelines would be unjust or
inappropriate under the circumstances, the court shall consider evidence of
all relevant factors, including: . . .




 
 the ability of the parents to contribute to the support of the child;

 any financial resources available for the support of the child;

 the amount of time of possession of and access to a child;

 the amount of the obligee's net resources, including the earning
potential of the obligee if the actual income of the obligee is
significantly less than what the obligee could earn because the obligee
is intentionally unemployed or underemployed and including an
increase or decrease in the income of the obligee or income that may be
attributed to the property and assets of the obligee; . . . .

 


Tex. Fam. Code Ann. § 153.123(b) (West 2002).