**Edward T. POYNTER, Appellant,**

v.

**Sunny Sue HAIK, Appellee.**

**No. 1200.**

Court of Civil Appeals of Texas, Tyler.

March 29, 1979.

Hellmut A. Erwing, Houston, for appellant.

Patricia R. Lykos, Allen, Lykos & Thibodeaux, Houston, for appellee.

SUMMERS, Chief Justice.

This is an appeal from an order of the trial court increasing the father's child support payments.

Appellee, Sunny Sue Haik, and appellant, Howard Poynter, were divorced in 1968. Under the divorce decree, appellee was awarded custody of three minor children and appellant was ordered to contribute to the support of said children. On August 31, 1971, the court entered an order finding the appellant's income to be approximately $1,200.00 per month and ordered that he pay the sum of $405.00 per month ($135.00 per month per child) for the support of said three children. On July 22, 1977, appellee filed a motion to modify the order of August 31, 1971, by increasing appellant's child support payments from the previously ordered $405.00 per month for said three children under the age of eighteen years to $1,200.00 per month for the two children then under the age of eighteen years.

Upon a nonjury trial before the court on November 8, 1977, the child support payments to be paid by appellant were ordered increased to $800.00 per month for the two children then under eighteen years of age, namely, Kevin Donald Poynter, a male born August 7, 1961, and Brandon Blair Poynter, a male born August 24, 1964, to be reduced to $500.00 per month when the elder child attains the age of eighteen years, and to cease when the youngest child attains eighteen years of age; it is from this order that appellant appeals.

We affirm.

■ The record before us is without findings of fact or conclusions of law. Under these circumstances, the well settled rule is that the appellate court is required to affirm the judgment rendered by the trial court if it can be sustained on any reasonable theory authorized by law and supported by the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962); *Sanders v. Republic National Bank of Dallas*, 389 S.W.2d 551, 554 (Tex.Civ.App.—Tyler 1965, no writ).

Appellant's appeal is predicated upon four points of error alleging that the court erred in ordering a 100% increase in child support because (1) such increase constitutes a clear abuse of discretion, (2) there is no evidence justifying such increase, (3) such increase was based on the "wealth" of the father and not on the needs of the children, and (4) such order is so greatly against the weight and preponderance of the evidence as to be manifestly wrong and unjust. Appellant states in his brief that he has grouped all points together because they all attack the trial court's finding of support as excessive.

At the time of the trial the appellant had remarried, and the record does not reflect that any children have been born to this marriage. The appellant's income has increased from $1,200.00 per month at the time of the prior order in 1971 to approximately $4,100.00 per month take-home pay at the time of this hearing in November 1977. In 1976, 1975 and 1974 his taxable

income exceeded $100,000.00 per year. Appellant's counsel stipulated into the record that appellant's salary is more than sufficient to cover any court awarded support. Appellant testified his present expenses, including his $400.00 child support payment, amount to $3,284.27 per month and that $550.00 per month should provide support "in a decent fashion." He also said "if I had my children living with me, of course, they would be living exactly like I do."

Appellee remarried in June 1973, and two children were born to this marriage. One of these children died after a year of hospitalization and the other was one year of age at the time of the hearing. In caring for these two children of her present marriage, appellee and her present husband have incurred outstanding medical bills of about $140,000.00. Appellee testified that she had monthly expenses of $3,559.00 to $3,759.00, and that these expenses were for necessaries and not luxuries. She further testified that her present husband's income is $2,300.00 per month, and that her earnings, mostly from modeling, have declined from a high of about $6,000.00 a year after 1971 to approximately $1,700.00 for the year 1976 and to $800.00 for ten months of the year 1977. She stays home primarily to be with her youngest child and because of surgery during the year. Further testimony showed that the family owned two automobiles, one five years old and the other four years old at the time of the hearing; that these automobiles were used by the two older children and that the gasoline expense per month was $200.00. Appellee's expenditure sheet reflected $650.00 per month for food. Appellee further testified that rent expense for her and the boys in early 1973 prior to her marriage to Mr. Haik was $275.00 per month and that the present house payment is $750.00 per month. Appellee further testified that the expenses of the children of her former marriage have increased since 1971 because they are older, they have grown up, and the cost of living has gone up with the inflation experienced. She testified her present husband has been supporting the boys about 80% for about four years; that Tommy, the eighteen year old, is still in high school and living with them; and that they are still supporting him. She also testified food alone for the two teenage boys under eighteen amounts to at least $300.00 per month, and that about $500.00 per child as a minimum is needed for the two children.

■ Each case involving the question of child support payments must stand on its own facts, and trial courts by necessity have wide discretion in regard thereto. *Dennis v. Dennis,* 512 S.W.2d 699, 701 (Tex. Civ.App.—Tyler 1974, no writ); *Madden v. Madden,* 365 S.W.2d 427, 429 (Tex.Civ.App. —Fort Worth 1963, no writ). Such discretion will not be disturbed on appeal unless the court has clearly abused its discretion. *Lambert v. Lambert,* 545 S.W.2d 542, 545 (Tex.Civ.App.—Houston [1st] 1976, no writ); *Jackman v. Jackman,* 533 S.W.2d 361, 364 (Tex.Civ.App.—San Antonio 1975, no writ); *Hearn v. Hearn,* 449 S.W.2d 141, 143 (Tex.Civ.App.—Tyler 1969, no writ).

■ In determining the duty of a parent to support a child after a divorce, it is to be borne in mind that such duty corresponds to his or her overall financial ability and the needs of the child. *Gully v. Gully,* 111 Tex. 233, 231 S.W.2d 97, 100 (1921); *Ondrusek v. Ondrusek,* 561 S.W.2d 236 (Tex.Civ.App.— Tyler 1978, no writ); *Cooper v. Cooper,* 513 S.W.2d 229, 234 (Tex.Civ.App.—Houston [1st] 1974, no writ).

In passing upon the "no evidence" point, we consider only that evidence and the reasonable inferences therefrom, which viewed in its most favorable light, supports the trial court's judgment and disregard that which is contrary thereto. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); *Biggers v. Continental Bus System, Inc.,* 157 Tex. 351, 303 S.W.2d 359, 363 (1957); *Cartwright v. Canode,* 106 Tex. 502, 171 S.W. 696, 698 (1914). In determining the "insufficient evidence" point, we consider and weigh all the evidence in the case to determine whether the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Garza v. Alviar,* supra; *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 662 (1951).

■ Viewing the evidence in the light which we must, we have concluded that there is evidence of probative force to support the trial court's judgment increasing appellant's child support payments in the amounts stated and that the judgment is not against the great weight and preponderance of the evidence. There is evidence in the record from which the trial court could find that the circumstances of the parties and the children herein have materially and substantially changed since the prior support order in 1971. We find no basis in the record for appellant's contention that the increase in child support was based solely on the "wealth" of the father without considering the needs of the children. After reviewing the entire record, we cannot agree that the trial court abused its discretion in increasing the appellant's child support payments as set forth herein.

We have considered all of appellant's points of error and believe them to be without merit and the same are hereby overruled. The judgment of the trial court is affirmed.