**Joe Robert WILLIAMS, Appellant,**

v.

**Judy Rae WILLIAMS, Appellee.**

**No. A2252.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 27, 1980.

246

Neal Y. Pickett, Law Offices of David J. Nagle, Houston, for appellant.

Arnold Anderson Vickery, Wendy Thomas Kendall, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a court order which modified the divorce decree of the parties by increasing appellant's monthly child support obligation.

In the original divorce decree, entered October 2, 1973, appellee was named managing conservator of the parties' six minor children. Appellant was ordered to pay a total of $380.00 per month as child support, such amount to be reduced as each child reached the age of eighteen, pursuant to the property settlement and child support agreement entered into by the parties. The testimony indicates that appellant had previously voluntarily increased that sum to approximately $455.00 per month. On November 28, 1978, appellee filed a Petition to Modify the divorce decree, alleging that there had been a material and substantial change in the circumstances of the children and of appellant which warranted an increase in child support payments. Appellee sought an increase from $380.00 to $850.00. The court ordered an increase to $600.00 per month, with $85.00 per month reductions as each child reached the age of eighteen.

■ Appellant contends that the court erred in granting the increased child support on the basis that there was no evidence. Under Tex.Fam.Code Ann. § 14.-08(c)(2) (Vernon Supp.1980), the movant must establish by a preponderance of the evidence that "the circumstances of the child or person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree;" in order to warrant a modification of the order or decree. This proof must be not merely of a change, but of a material and substantial change. The trial court is accorded broad discretion in determining whether the movant has met this burden and what change, if any, in the support obligation is warranted. Those determinations will be reversed only if there has been an abuse of discretion. *Moon v. Moon*, 573 S.W.2d 277 (Tex. Civ.App.—Waco 1978, no writ). Appellant does not deny that there has been a change in circumstances. He does, however, contend that there is no evidence to support the conclusion that the changes are material and substantial.

■ As former Texas Supreme Court Justice Robert W. Calvert stated, "[W]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is, in legal effect, no evidence and will not support a verdict or judgment." Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361 (1960); *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059 (1898).

■ Appellee alleges that appellant's circumstances have materially and substantially changed, claiming that his income has substantially increased since the divorce decree was entered. However, she introduced no evidence of appellant's total income at the time of the divorce, eliminating the opportunity for the court to compare appellant's income at that time with his current income and thus to determine whether there has been a material increase. The only evidence offered by appellee to substantiate this claim was 1) that appellant had purchased a second-hand pleasure boat and was currently paying $82.86 per month on the note on the boat, 2) that he had taken a vacation in Colorado for one weekend in 1977, 3) that he had taken a one weekend vacation with his children in Corpus Christi in 1978, 4) that he had moved out of his mother's house into an apartment and spent $1,400.00 furnishing it, 5) that he no longer had mortgage payments, as he had finished paying off the mortgage on the house awarded to appellee in the divorce decree, and 6) that he had received varying amounts of income for professional court appearances for over five or six years. Testimony with regard to appellant's court appearances raises the distinct possibility that appellant had been earning income from this source prior to the divorce. However, there was no evidence of his earnings from those appearances other than for the year 1978. He further testified that there was no guarantee that those services would be required for the next six months and

that he anticipated a job change which would eliminate that income. We hold that all of the above evidence does no more than raise a mere surmise or suspicion of a substantial increase in appellant's income and therefore constitutes no evidence.

■ Ordinarily, in the absence of findings of fact and conclusions of law by the trial court, an appellate court must assume that the trial court found facts sufficient to support its judgment, and that judgment must be affirmed on whatever theory of law is applicable. However, this rule is predicated on the finding of some evidence of probative value to support the judgment. If sufficient evidence cannot be found within the record, the rule has no application. *McFadden v. Bresler Malls, Inc.*, 526 S.W.2d 258 (Tex.Civ.App.—Austin 1975, no writ).

■ Appellee next contends that the uncontroverted testimony as to the deterioration in the condition of the house in which appellee and the minor children were living at the time the motion to modify was heard, establishes a material and substantial change in the circumstances of the children. The divorce decree ordered appellant to complete the mortgage payments on the house, to continue paying the property taxes, and to maintain the home owners insurance on the house. Appellant has complied in full with these requirements. There is no evidence that the decree placed the burden of standard home maintenance on either party. In the absence of evidence to the contrary, that burden falls on the party in possession. Appellee has not cited any authority which classifies house maintenance as child support or any evidence indicating that the court in the divorce action intended that burden to fall on appellant.

We reverse and remand this cause to the trial court for further development of the facts.