**Raymond Wilson COZBY, Jr., Appellant,**

v.

**Bettye Cobb COZBY, Appellee.**

**No. 1301.**

Court of Civil Appeals of Texas, Tyler.

March 27, 1980.

Jerry C. Parker, Sammons & Parker, Tyler, for appellant.

J. W. Tyner, Tyner & Tyner, Tyler, for appellee.

McKAY, Justice.

This is an appeal from an order of the trial court increasing the father's child support payments.

Appellee Bettye Cobb Cozby and appellant Raymond Wilson Cozby, Jr., were divorced on September 7, 1977. Under the divorce decree appellee was named Managing Conservator of their four minor children and appellant was ordered to pay $2,000.00 per month as child support payments. The payments were to be reduced in amount as each child reached the age of eighteen. Consequently, when the eldest child reached eighteen years of age in March of 1978 the support payments decreased to $1,700.00 per month for the other three children. In July of 1978 appellee filed a Motion to Modify the divorce decree which alleged a material and substantial change of circumstances and prayed that the child support payments be increased. In February of 1979 the trial court modified the original decree and ordered support payments of $2,000.00 per month for the remaining three children. In effect the trial court returned the amount of support payments to that originally required for the four children. Additionally the court awarded $1,000.00 in attorney's fees to the appellee. From this modification of the support payments the appellant perfected this appeal bringing two points of error.

There are no findings of fact and conclusions of law in the record. Appellant made a request for findings and conclusions but none were filed, and appellant did not call the matter to the attention of the trial judge; therefore, appellant does not complain on appeal of such failure of the trial judge. Under these circumstances the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977); *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968); *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962). We must presume on appeal that the trial court found every fact necessary to sustain the judgment, and we are bound by such implied findings if there is evidence of probative value to support them. *Texas Hauling Contractors v. Rose Sales Co.*, 565 S.W.2d 240, 244 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Dean v. Tutor*, 566 S.W.2d 301, 302 (Tex.Civ.App.—Austin 1978, no writ).

We affirm.

Appellant's complaint in his first point is that the trial court abused its discretion in granting an increase in child support because there was insufficient evidence of a material and substantial change in circumstances as required under Sec. 14.-08(c)(2) Family Code. In questions of child support payments each case must stand on its own facts, and by necessity trial courts must have wide discretion in resolving the issue. *Dennis v. Dennis*, 512 S.W.2d 699, 701 (Tex.Civ.App.—Tyler 1974, no writ); *Madden v. Madden*, 365 S.W.2d 427, 429 (Tex.Civ.App.—Fort Worth 1963, no writ). The amount of child support depends upon the ability of the father and the needs of the children, having in mind their station in life, and the court's order concerning support should be in the best interest of the children. *Dennis v. Dennis*, supra.

Appellee testified that since the divorce the life style of the children has diminished; that she was unable to meet some of the needs of the children and had gone in the hole "over the year"; that the deficit was made up by gifts and a loan from her parents and from selling assets awarded to her in the divorce; that the use of the country club by the children had been curtailed since divorce, and she had to get out of two other clubs in order to lower ex-

penses; that she is not able to take the children on vacations and weekend trips as was done before divorce; that the house is in need of repair and she does not have funds with which to make repairs; that before divorce the children had art and dancing lessons, but she cannot afford them now as then; that the daughter had to discontinue drama; that the television set does not operate and she cannot afford to have it repaired; that the roof leaks and house needs painting inside and outside, and other repairs needed which she cannot pay for; that the children's clothes are fewer and poorer quality than before divorce; that before divorce children went to movies, trips to Six Flags, and weekend trips, but she cannot afford such activities now; that the family expenses exceed the family income, and the $2,000 per month "was less than we had been accustomed to spending"; and that inflation had increased her costs.

The three children under 18 years of age and living at home with appellee are a boy 15 years old and in high school, a boy 11 years old, and a girl nine years old.

The appellee testified that she receives $6,696.00 net income per year from her teaching position, $1,300.00 per year interest income from a savings account, $20,-400.00 per year in child support payments from appellant,[1] and approximately $1,680.00 per year from her parents. Appellee further testified that her house payments were $6,636.00 per year, maid service $2,400.00 per year, utilities $3,000.00 per year, insurance $1,200.00 per year and groceries $4,800.00 per year.

The appellant testified that in 1975 his net income was $53,000.00; in 1976 $63,-000.00 plus a $10,000.00 bonus; in 1977 $56,-000.00 plus a $2,000.00 bonus; and in 1978 $59,000.00 plus an $8,000.00 bonus. Appellant further stated that his net average salary excluding bonuses is approximately $4,600.00 per month. Additionally the record shows that appellant recently bought a new automobile worth $27,000.00 and a new lake house on Lake Palestine.

Viewing the evidence in a light most favorable to the trial court's judgment as we are required to do, we conclude that there is sufficient evidence to support the trial court's judgment increasing appellant's child support payments in the amount stated. There is evidence in the record from which the trial court could find a material and substantial change of circumstances of the parties or the children since the entry of the original support order. Consequently, after reviewing the entire record, it is our view that the trial court did not abuse its discretion in increasing appellant's child support payments as noted above. Appellant's first point of error is therefore overruled.

Appellant's second point of error complains that the trial court abused its discretion in awarding attorney's fees to appellee because such award was unnecessary, unwarranted and unjust in view of the background of the case. The Texas Family Code § 11.18(a) (Vernon 1975) gives the trial court discretion to award reasonable attorney's fees in cases of this nature. *Thompson v. Thompson*, 572 S.W.2d 761, 766 (Tex.Civ.App.—Tyler 1978, no writ); *Walsh v. Walsh*, 558 S.W.2d 94, 96 (Tex.Civ. App.—Waco 1977, writ dism'd). We conclude that the trial court did not abuse its discretion in awarding $1,000.00 as attorney's fees to appellee.

We have considered both of appellant's points of error and believe them to be without merit and the same are hereby overruled. The judgment of the trial court is affirmed.

---

1. $1,700.00 per month × 12 months = $20,400.00.