Mark Gladwin STRAUSS, Appellant,

v.

Nancy Lucille STRAUSS, Appellee.

No. 1824.

Court of Civil Appeals of Texas,
Corpus Christi.

June 25, 1981.

Matthew A. Rosenstein, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellant.

J. Norman Thomas, Scott T. Cook, Harris, Cook & Browning, Corpus Christi, for appellee.

OPINION

YOUNG, Justice.

This is an appeal of an order modifying a final decree of divorce which increased child support payments from $350.00 to $700.00 per month. Appellant, Mark Gladwin Strauss, was ordered to increase his support payments for a child born during his marriage to Nancy Lucille Strauss, appellee. We find no abuse of discretion in the trial court's ordering the increase in child support.

A review of the pertinent facts would reflect the following. Appellant and appellee were divorced on February 13, 1979. Custody of the one child, a female, born during the marriage on February 21, 1975, was awarded to the appellee. The trial court also divided the property between the parties in the decree of divorce. The division of the property included a judgment of $25,000.00 to the appellee in addition to other property.

Some time after the divorce was final, appellant encountered financial difficulties. On April 14, 1980, the appellant was adjudicated bankrupt and the debt of $25,000.00 awarded by the trial court to the appellee was discharged. This suit to modify the

child support order was filed after the discharge in bankruptcy of appellant's $25,000.00 debt owed to appellee.

The trial court, after hearing testimony and examining the incomes and expenses of both parties, increased the support payments to $700.00 per month. Findings of fact and conclusions of law were filed by the trial court which, in summary, were as follows: 1) the income of the appellant had increased from $52,965.00 to $74,400.00; the income of the appellee had increased from $9,000.00 to $10,387.00; 2) the costs of providing for the minor child (now school age) had materially increased; 3) the circumstances of the child and the separated parents had materially and substantially changed; and 4) a fair, equitable, and just increase in child support payments, when considering the income and expenses of the parties and the needs of the child, would be $700.00 per month.

Essentially, appellant alleges three grounds of error in the trial court's modification of the child support award: 1) the increase in child support constitutes an impermissible award of alimony, 2) the trial court abused its discretion in making the award, and 3) evidentiary support for the modification is non-existent or, in the alternative, is against the great weight and preponderance of the evidence.

■ The judgment of a trial court changing monthly child support payments in a hearing on a modification of a divorce decree will not be disturbed on appeal unless there is a clear abuse of discretion. *Williams v. Williams*, 596 S.W.2d 245 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Anderson v. Anderson*, 503 S.W.2d 124 (Tex. Civ.App.—Corpus Christi 1973, no writ). The duty to support falls equally on both parents. Each parent should support the child commensurate with his or her ability to pay, but should not be so great as to deny that party the necessary expenses of living. *In the Interest of J. M. & G. M.*, 585 S.W.2d 854 (Tex.Civ.App.—San Antonio 1979, no writ); *Boriack v. Boriack*, 541 S.W.2d 237 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd); *Myrick v. Myrick*, 478

S.W.2d 859 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ dism'd).

■ The test for evaluating the need for an increase in child support is whether a substantial change has occurred in the position of the parents and the child. The trial court should examine the circumstances of the child and parents at the time the prior decree was rendered in relation to the circumstances existing at the time the prior order is sought to be modified. *Williams v. Williams*, supra; *Moreland v. Moreland*, 589 S.W.2d 828 (Tex.Civ.App.—Dallas 1979, writ dism'd). If a material change has occurred in either the needs of the child or the ability of either parent to support the child, then the trial court does not abuse its discretion by modifying the prior order.

In a review of a trial court's judgment in which findings of fact and conclusions of law are filed, this Court may only consider that evidence favorable to the finding and the judgment rendered thereon and must disregard all evidence to the contrary. *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607 (Tex.1979). Our review of only the evidence supporting the judgment convinces us that the judgment rendered by the trial court has ample support in the record. Furthermore, after reviewing all the evidence, we are of the opinion that these findings are not so against the great weight and preponderance of the evidence as to be clearly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ The evidence adduced at trial points to a material change in both the needs of the child and the appellant's ability to support his child. The child was nearing the age when she would start school. Additionally, the appellee testified that inflation has caused an increase in the costs of clothing and other needs of the child. The change in ability of the appellant to support his child was evidenced by the substantial increase in his income, the discharge of previously existing debts in bankruptcy which made his financial position more sound, and the fact that he was able to support a new wife and step-child. Such evidence justifies the in-

crease in the child support payments. We find no abuse of discretion. *Zamora v. Zamora*, 611 S.W.2d 660 (Tex.Civ.App.—Corpus Christi 1980, no writ).

We have considered appellant's argument that the increase in child support constitutes an impermissible award of alimony and find it without merit. There was sufficient evidence to justify the modification of child support because of the needs of the child and the increased ability of the appellant to provide his child with a life style commensurate with his earnings. All of appellant's points of error have been carefully considered by us, and we overrule all of them.

The judgment of the trial court is affirmed.