Bill CANNON, Appellant,

v.

Cynthia Marie CANNON, Appellee.

No. 12–81–0067–CV.

Court of Appeals of Texas, Tyler.

Jan. 27, 1983.

L. Leon Burris, Houston, for appellant.

Cynthia Curry, pro se.

SUMMERS, Chief Justice.

This is an appeal from an order increasing the father's child support payments previously ordered in a divorce decree.

Appellee, Cynthia Marie Cannon (now Cynthia Marie Curry), and appellant, Bill Cannon, were divorced in 1974. In the divorce decree appellee was appointed managing conservator of their four-year-old child, Lee Richard Cannon, and appellant was appointed possessory conservator of said child. Appellant Bill Cannon was ordered to pay child support in the amount of $100.00 per month until said child reaches the age of eighteen years.

On September 17, 1980, appellee filed a motion to modify in suit affecting parent-child relationship, seeking an increase in appellant's child support payments. Appellee plead that the circumstances had so materially and substantially changed since the 1974 order that the child support payments should be increased. Appellant filed a general denial. At a nonjury trial before the court on February 2, 1981, the court found that the material allegations contained in appellee's motion were true and ordered that the child support payments to be paid by appellant Bill Cannon be increased to $170.00 per month until said child attains the age of eighteen years. Additionally, the court ordered appellant to pay a $12.00 annual fee to the Harris County Probation Department and an attorney's fee in the amount of $300.00. Appellant's motion for a new trial was denied. From the judgment increasing child support, appellant appeals.

We affirm.

The record before us is without findings of fact or conclusions of law. Under these circumstances, the well-settled rule is that the appellate court is required to affirm the judgment rendered by the trial court if it can be sustained on any reasonable theory authorized by law and supported

by the evidence. *Bishop v. Bishop,* 359 S.W.2d 869, 871 (Tex.1962); *Poynter v. Haik,* 580 S.W.2d 114, 115 (Tex.Civ.App.— Tyler 1979, no writ).

Appellant's appeal is predicated upon one point of error in which he contends that the trial court erred in increasing appellant's child support because there was no evidence of a material and substantial change in the circumstances of the child or a person affected by the prior decree. In order to warrant a modification of the prior support order, appellee must establish by a preponderance of the evidence that "the circumstances of the child or person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree." Tex.Fam.Code Ann. § 14.-08(c)(2) (Vernon Supp.1980). This proof must be not merely of a change, but of a material and substantial change. The trial court is accorded broad discretion in determining whether the appellee has met her burden and what change, if any, in the support obligation is warranted. Such a determination by the trial court will be reversed only if the court has clearly abused its discretion. *Williams v. Williams,* 596 S.W.2d 245, 247 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Moon v. Moon,* 573 S.W.2d 277 (Tex.Civ.App.—Waco 1978, no writ).

In passing upon a "no evidence" point, we consider only that evidence and the reasonable inferences therefrom, which viewed in its most favorable light, supports the trial court's judgment and disregard that which is contrary thereto. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.R. 361, 362 (1960); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965); *Poynter v. Haik, supra* 580 S.W.2d at 116. Further, we must assume on appeal that the trial court found every fact necessary to sustain the judgment, and we are bound by such implied findings if there is evidence of probative value to support them. *Cozby v. Cozby,* 597 S.W.2d 808, 809 (Tex.Civ.App.—Tyler 1980, no writ); *Texas Hauling Contractors v. Rose Sales, Co.,* 565 S.W.2d 240, 244 (Tex.Civ.App.—Corpus Christi 1978, no writ).

Each case involving the question of child support payments must stand on its own facts, and by necessity trial courts have wide discretion in resolving the issue. *Cozby v. Cozby, supra,* 597 S.W.2d at 809; *Poynter v. Haik, supra,* 580 S.W.2d at 116; *Dennis v. Dennis,* 512 S.W.2d 699, 701 (Tex. Civ.App.—Tyler 1974, no writ); *Madden v. Madden,* 365 S.W.2d 427, 429 (Tex.Civ.App. —Fort Worth 1963, no writ). It is to be borne in mind that the duty of a parent to support a child after divorce corresponds to his or her overall financial ability and the needs of the child, bearing in mind their station in life. *Gully v. Gully,* 111 Tex. 233, 231 S.W. 97, 100 (1921); *Poynter, supra* 580 S.W.2d at 116; *Ondrusek v. Ondrusek,* 561 S.W.2d 236, 238 (Tex.Civ.App.—Tyler 1978, no writ). In determining whether a modification in child support payments is appropriate, the trial court should examine the circumstances of the child and parents at the time the prior decree was rendered in relation to the circumstances existing at the time the prior order is sought to be modified. *Strauss v. Strauss,* 619 S.W.2d 18, 19 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Williams v. Williams, supra; Moreland v. Moreland,* 589 S.W.2d 828 (Tex.Civ. App.—Dallas 1979, writ dism'd). If a material change has occurred in either the needs of the child or the ability of either parent to support the child then an order modifying the prior order is not an abuse of the trial court's discretion.

In this case, the award of child support concerns one minor child, age ten at the time of this modification order. At the time of the hearing on the motion to modify appellee had remarried and was unemployed. She testified that her present husband is a quadriplegic and at the time of the hearing was drawing an income of about $250.00 a week. She further testified that the cost of such expenses as food, clothing, education and medical care were much higher than in 1974 and that $100.00 per month child support was insufficient to support the minor child. Mrs. Curry fur-

ther testified that the child was currently undergoing special treatment by an orthodontist at a cost of $2,500.00 (due in payments of about $60.00 a month). Testimony at the hearing showed that the father, appellant herein, had not assisted in these payments.

The facts reflect that appellant was self-employed as an air-conditioning technician, having been so employed for three years prior to this hearing. Appellant's income for 1979 was approximately $10,000.00. Appellant testified that prior to going into business for himself he made approximately $4.50 an hour. Further, the record shows that appellant has remarried; that he and his present wife jointly contribute to the support of her two minor children. His wife is employed by the city of Houston. Moreover, the testimony showed that appellant and his wife purchased a home some six months prior to the hearing and were currently making payments on the same.

After reviewing the entire record, we have concluded that there is evidence of probative force to support the trial court's judgment increasing appellant's child support payments as set forth herein. We cannot agree that the trial court abused its discretion. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.