**John Lind STOFER, Appellant,**

v.

**Patricia Anne (Stofer) LINVILLE, Appellee.**

**No. C14–82–794CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 8, 1983.

Rehearing Denied Jan. 5, 1984.

Jed Robinson, Houston, for appellant.

Jack J. Rawitscher, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

JUNELL, Justice.

This is an appeal from a court order modifying appellant's child support obligation ordered in March, 1980.

Appellant John Lind Stofer and appellee Patricia Anne Linville were divorced March 28, 1980, and appellant was ordered to pay $250.00 per month for the support of their two children. Pursuant to a property settlement agreement incident to the divorce, appellant conveyed to appellee the community property residence; and appellant agreed to pay $350.00 per month contractual alimony, subject to termination if appellee remarried. Appellee remarried in December, 1981, at which time the $350.00 payments terminated. In February, 1982, appellee moved to increase the child support, alleging a material and substantial change of circumstances since the March, 1980 decree. In October, 1982, following a

hearing, the court increased the child support to $750.00 per month. This appeal is from that order. We reverse and render.

Appellant presents three points of error. In his first and second points appellant contends there is no evidence to support a finding of a material and substantial change of circumstances since the entry of the March, 1980 decree.

■ TEX.FAM.CODE ANN. § 14.-08(c)(2) (Vernon Supp.1981–1983) provides that an order or decree providing for support of a child may be modified "if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree . . . ." *Carpenter v. White*, 624 S.W.2d 618 (Tex.App.—Houston [14th Dist.] 1981, no writ). In determining whether a modification in child support payments is appropriate, the trial court should examine the circumstances of the child and parents at the time the prior decree was rendered in relation to the circumstances existing at the time the prior order is sought to be modified. *Cannon v. Cannon*, 646 S.W.2d 295 (Tex.App.—Tyler 1983, no writ); *Williams v. Williams*, 596 S.W.2d 245, 247 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ). If a material change has occurred in either the needs of the child or the ability of either parent to support the child, then the order modifying the prior order is not an abuse of the trial court's discretion. *Cannon, supra.*

■ In this case, the award of child support concerns two children. At the time of the hearing on the motion to modify, appellee testified that she had remarried, was employed, and was currently separated from her second husband but still living in his separate property residence with her two children. Appellee contends that since the divorce, there has been a material and substantial change in the circumstances of all the parties. In support of her contention that her circumstances have changed, appellee alleges she is (1) now supporting her two children on $350.00 less per month

since the termination of the $350.00 contractual alimony; (2) paying an additional $100.00 per month in necessary expenses for the children; and (3) paying $642.00 per month for the home awarded her in the 1980 divorce from appellant. Appellee includes in her expenses one-fourth of the $3,500.00 per month house payment being made on the residence owned by her second husband and in which she and the children were residing. However, she testified that her second husband was making all of the $3,500.00 monthly payments on that home as well as helping with her monthly expenses. This is not, therefore, an additional expense. Between the time of divorce in March, 1980 and her second marriage she and the children had lived in the house awarded to her in the divorce, and she had made all the $642.00 monthly payments without the benefit of any rental income therefrom. At the time of the hearing she was making the $642.00 monthly payments out of income of $750.00 per month for rental of that house. Her circumstances, therefore, had improved to the extent of the $750.00 monthly rental income. There was evidence of a slight increase in her expenses of approximately $100.00 per month to meet the personal needs of the children, but this was more than offset by the rental income received by the mother. Appellee's condition is unchanged in any material way. The main contention of decreased income is her loss of $350.00 per month contractual alimony. Both parties agreed to the conditions stipulated in the alimony contract. Appellee can not now prove a change of circumstances by reason of termination of the alimony payments under an agreement she freely made. However, even if the termination of the $350.00 monthly alimony payments is considered, the loss of that income plus the increase of $100.00 per month in expenses to care for the children is still more than offset by her increased income of $750.00 per month from rental of the home. There is, therefore, no evidence of any material and substantial change in the circumstances of either appellee or her children that would warrant a modification of child support.

Appellee next alleges that appellant's circumstances have materially and substantially changed. She introduced the following evidence at the hearing to support this contention: (1) appellant draws an annual salary of $48,000.00 from his solely-owned corporation, Stofer Companies, Inc., which had an earned surplus of $20,000.00 in 1981; (2) he may borrow from this corporation at any time; (3) he drives a Cadillac, bought by the corporation, and a second car which costs him $500.00 per month; (4) he has a one-half ownership interest in an airplane which he rents to the corporation; (5) he owns a motorcycle costing him $250.00 per month; (6) he owns a home; and finally (7) appellant's health insurance and business expenses are covered by the corporation. However, appellee introduced no evidence of appellant's total income at the time of their 1980 divorce. The lack of such evidence precludes this court from comparing appellant's prior income to his current income, and thus determining whether there has been a material increase. *Williams, supra.* We hold that the evidence does no more than show appellant's ability to pay more child support and constitutes no evidence of a material and substantial change in appellant's circumstances since the 1980 divorce decree. Appellant's first and second points of error are sustained.

In his third point of error, appellant contends the trial court abused its discretion in modifying the child support award. The proof necessary to sustain a child support modification must be of a material and substantial change. The trial court is accorded broad discretion in determining whether the movant has met this burden. These determinations will be reversed only if there has been an abuse of discretion. *Moon v. Moon,* 573 S.W.2d 277 (Tex.Civ.App.—Waco 1978, no writ); *Williams, supra.* The evidence before us is not sufficient to support the judgment. The record reveals the burden of proving a "material and substantial" change has not been met. The trial court did abuse its discretion in modifying appellant's child support

payments. Appellant's third point of error is sustained.

Judgment of the trial court is reversed and rendered.