Lloyd TRAHAN, Sr., Appellant,

v.

Louise L. TRAHAN, Appellee.

No. 09 86 256 CV.

Court of Appeals of Texas,
Beaumont.

June 11, 1987.

Don Taylor, Taylor and Norwood, Liberty, for appellant.

J.C. Zbranek, Zbranek, Hight & Cain, P.C., Liberty, for appellee.

## OPINION

BURGESS, Justice.

The parties were divorced in May 1985. Mrs. Trahan was appointed the managing conservator of the three minor children, and Mr. Trahan was ordered to pay child support of $250 per month per child or a total of $750 per month. In June 1986, Mr. Trahan filed a motion to modify the divorce decree alleging a material and substantial change in circumstances and requesting the support payments be decreased. After a bench trial, the trial judge ordered the payments reduced and entered the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On May 15, 1985, the Final Decree of Divorce ordered Lloyd Trahan to pay Two Hundred Fifty ($250.00) Dollars per month for each of his three (3) children for a total of Seven Hundred Fifty ($750.00) Dollars per month.
2. On June 26, 1986, Lloyd Trahan, Movant, filed his Motion to Modify alleging a change of circumstances.
3. Movant proved no changes in the needs of the children.
4. He proved that his take home income is only slightly reduced due to his inability to work. His monthly insurance benefits almost equal his take home pay at the time the original divorce was granted.

## CONCLUSIONS OF LAW

1. The small income difference is the only change of circumstances shown. In the best interest of the children, it is proper to reduce the monthly support payments to Two Hundred Thirty ($230.00) Dollars per month per child.

■ Mr. Trahan brings forth two points of error. The first point of error alleges the trial court abused its discretion in failing to adequately reduce the child support payments. At the time Mr. Trahan filed his motion, our Supreme Court had promulgated child support guidelines effective June 1, 1986. By the time of the hearing on August 25, 1986, those guidelines had been rescinded.[1] The evidence showed that Mr. Trahan's net pay at the time of the divorce was approximately $1840. At the time of the hearing, Mr. Trahan was receiving net disability pay of $1793 per month. This was a reduction of some $46 per month. The court reduced his child support payments to $690 per month, thus giving Mr. Trahan a reduction of $60 per month.

Each case involving the payment of child support must stand on its own unique set of facts, and by necessity, a trial court has wide discretion in deciding the issue. *Cozby v. Cozby*, 597 S.W.2d 808 (Tex.Civ.App. —Tyler 1980, no writ). In determining whether to modify child support payments, the court should look to the circumstances at the time of the divorce in relation to the circumstances existing at the time of the hearing. *Strauss v. Strauss*, 619 S.W.2d 18 (Tex.Civ.App.—Corpus Christi 1981, no writ). A trial court has wide discretion in determining what change, if any, in child support is warranted. Such a determination will only be reversed if the court has clearly abused its discretion. *Cannon v. Cannon*, 646 S.W.2d 295 (Tex.App.—Tyler 1983, no writ). Under the evidence, we find no such abuse of discretion. Point of error number one is overruled.

The second point of error claims the trial court committed error by abandoning its proper role of impartiality and by assuming the role of advocate in its interrogation of the witnesses. Appellant's main complaint involves the questioning of Mr. Trahan by the court.

■ It is true that the trial judge asked many more questions than either of the attorneys. We, however, find no error.

---

1. The Supreme Court rescinded the original guidelines on July 16, 1986. The current guide-

lines were not in effect at the time of the hearing.

The court is performing its duty by putting competent and material questions to a witness in order to clarify testimony or to elicit testimony that has not otherwise been brought out. *Stewart v. State,* 438 S.W.2d 560 (Tex.Crim.App.1969). It is especially proper, where the court is the trier of fact, in a case involving the best interest of children. The court should have all the facts possible in order to make an intelligent decision. If the attorneys fail to develop the facts, it is the trial judge's responsibility to the children to attempt do so himself. The trial judge did not err. This point is overruled. The judgment is affirmed.

AFFIRMED.