Willis G. STAMPER, Jr., Appellant,

v.

Patsy Stamper WORFORD, Appellee.

No. 2–88–186–CV.

Court of Appeals of Texas,
Fort Worth.

April 4, 1990.

Elton M. Montgomery, The Montgomery Law Firm, Graham, for appellant.

Robert N. Eames, Randolph W. Stout, Philips & Hopkins, P.C., Denton, for appellee.

Jonita Boyd Borchardt, Denton, ad litem.

Before WEAVER, C.J., and MEYERS, J.

## OPINION ON REHEARING

MEYERS, Justice.

On February 13, 1990, this court handed down an opinion and judgment in this cause. On appellee's motion for rehearing, we withdraw our prior opinion and judgment and substitute this opinion and judgment.

This is an appeal from a judgment modifying a suit affecting the parent-child relationship. Trial was to the court without a jury. From the judgment modifying child support, appellant had perfected this appeal.

We affirm in part, reverse in part, and remand in part for new trial.

Appellant, Willis G. Stamper, Jr., complains on appeal of the following actions of the court: (1) granting of an increase in child support thereby modifying the 1975 judgment of divorce; (2) rendering of an order of modification because section 14.-05(b) of the Texas Family Code is unconstitutional, there was insufficient evidence to support such an order, and the burden of proof was erroneously placed on appellant; (3) failing to hold that there had been no proven changed circumstances relevant to the issue of modification; (4) considering the report of the amicus curiae as evidence; (5) considering testimony from a medical diagnostic expert who was not so qualified; (6) excluding exhibits from evidence; (7) awarding attorney's fees; and (8) compensation to the amicus curiae.

Stamper and appellee, Patsy Stamper Worford, were divorced in July, 1975. Willis G. Stamper, III (Trey), the couple's son, was five and one-half years old at the time of divorce. Trey turned 18 on January 9, 1988. It is undisputed by the parties that Trey requires continuous care and personal supervision because of mental and physical disabilities and will not be able to support himself even after reaching the age of eighteen. In the original divorce decree from 1975, Stamper agreed to pay $180 per month to appellee for the benefit of Trey until the child turned eighteen. Stamper and Worford also agreed to each pay half of all Trey's medical expenses (with no mention of a date at which the obligation ceased) and Stamper was to maintain health and major medical coverage until the child reached the age of 18. In June, 1986, Worford filed a motion to modify the 1975 judgment. Worford alleged that Trey's circumstances had materially and substantially changed since the entry of the 1975 order and therefore, the support payments previously ordered should be increased. She also requested that the pay-

ments be continued after Trey's eighteenth birthday for an indefinite period of time.

In February, 1987, approximately eight months after the suit was filed by Worford, Worford removed Trey from the Fort Worth State School, where he had resided since 1981, and placed him in her home.

Following a hearing in November, 1987, Stamper was ordered to temporarily increase his monthly payments from $180 to $425 while a court-appointed amicus curiae investigated therapy available for a child in Trey's situation. In July, 1988, the court entered a final modification order and, based upon the amicus' report, Stamper's monthly payments were increased to $1350.

■ Stamper argues in his first point of error that the trial court erred in granting an increase in child support, thereby modifying the 1975 divorce decree. Specifically, Stamper argues that the trial court could not modify the 1975 judgment since it was an agreed order of the court. Stamper contends that the 1975 judgment made provisions for Trey's support after he reached his 18th birthday because the provision that each parent pay half of all medical expenses did not terminate at Trey's 18th birthday.

When presented with the issue of modification of child support, coupled with the issue of whether the child is in need of continuous care and will not be able to support himself, the Texas courts are guided by the Texas Family Code, which provides, in part:

If the court finds that the child, whether institutionalized or not, requires continuous care and personal supervision because of a mental or physical disability and will not be able to support himself, the court may order that payments for the support of the child shall be continued after the 18th birthday and extended for an indefinite period. The court may enter an order under this subsection only if a request for an order of extended support under this subsection has been made in the original suit, a petition requesting further action under Section 11.07 of this code, or a motion to modify

under Section 14.08 of this code filed before the child's 18th birthday.

Child Support Act, ch. 31, § 1, 1961 Tex. Gen.Laws 135; *see now,* TEX.FAM.CODE ANN. § 14.051(b) (Vernon Supp.1990).

After a hearing, the court may modify an order or portion of a decree that:

. . . .

(2) provides for the support of a child if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of its rendition, except that a support order may be modified only as to obligations accruing after the earlier of the date of service of citation or an appearance on the motion to modify; ...

Acts 1989, ch. 371, § 6, 1989 Tex.Gen.Laws 1464; *see now* TEX.FAM.CODE ANN. § 14.08(c)(2) (Vernon Supp.1990).

It is agreed by Stamper and Worford that Trey falls within the provision of former section 14.051(b) of the Texas Family Code. Further, it is undisputed that the motion to modify seeking an increase in child support was filed prior to the date that Trey reached his eighteenth birthday. The motion seeking an increase in child support was filed with the clerk of the court on June 5, 1986; Trey did not reach his eighteenth birthday until January 9, 1988.

Therefore, we hold that the trial court's jurisdiction was properly invoked within the time period established by the Texas Family Code. As the trial court was vested with jurisdiction to consider the merits of the motion, it was also vested with the power to grant or deny the request for an increase in child support.

Appellant's first point of error is overruled.

■ In points of error four and seven, Stamper challenges the sufficiency of the evidence to support the order of modification because there was insufficient evidence to support the order and there were

also no proven changed circumstances to support the order.[1]

The Texas Supreme Court Child Support Guidelines, in effect at the time the modification order was entered, required that an order of child support be based, along with other factors, on "net resources" of the parents. The rules further require that sufficient information be furnished by the parties in order to determine the net resources. The age and needs of the child are to be taken into consideration as well as the cost of health care insurance and any other reasons consistent with the best interest of the child. In addition, findings are to be made by the court, upon written request, concerning the amount of net resources available and reasons why the amount of support does not comply with the child support guidelines. Texas Supreme Court Child Support Guidelines, Rules 1–8 (1987); *see now*, TEX.FAM. CODE ANN. § 14.057 (Vernon Supp.1990).

In the present case, neither party requested, and the trial court did not file, findings regarding the application of the former Texas Supreme Court's Child Support Guidelines as provided by rule 7 therein.

■ In a trial to the court where no findings of fact or conclusions of law are filed or requested, the judgment of the trial court implies all necessary findings of fact in support thereof. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984) (per curiam); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980) (per curiam). An appellant may challenge these implied findings by raising both legal and factual sufficiency of the evidence points, and where such points are raised, the standard of review to be applied is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Burnett*, 610 S.W.2d at 736.

■ Where the implied findings of fact are supported by the evidence, it is the duty of the appellate court to uphold the judgment on any theory of law applicable to the case. *W.E.R.*, 669 S.W.2d at 717; *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex.1987) (per curiam). This is so regardless of whether the trial court articulates the correct legal reason for the judgment. *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73, 84 (1939).

■ The standard of review both for the implied finding of material and substantial change of circumstances, and for the trial court's determination of child support, is abuse of discretion. *Eggemeyer v. Eggemeyer*, 535 S.W.2d 425, 427 (Tex.Civ.App.— Austin 1976), *aff'd on other grounds*, 554 S.W.2d 137 (Tex.1977); *Brito v. Brito*, 346 S.W.2d 133, 134 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.).

The burden of proof in a modification action is governed by section 14.08(c)(2) which provides the court may modify a prior child support order if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of its rendition.

Additionally, section 14.056(a) states:

The court may consider the guidelines for the support of a child ... to determine whether there has been a material and substantial change of circumstances under Section 14.08(c)(2) ... that may warrant a modification of an existing child support order if the modification is in the best interest of the child.

Acts 1989, ch. 617, § 6, 1989 Tex.Gen.Laws 2036; *see now* TEX.FAM.CODE ANN. § 14.056(a) (Vernon Supp.1990).

■ The proof of a change of circumstances warranting a modification of child support must not be merely of change, but of material and substantial change and the trial court is accorded broad discretion in determining whether the movant has met that burden. *Cannon v. Cannon*, 646 S.W.2d 295, 297 (Tex.App.—Tyler 1983, no writ). Such determination by the trial

---

1. It does not appear that appellant is contesting the fact that payments were extended beyond Trey's eighteenth birthday, only as to the amount of modification and the implied finding of changed circumstances.

court will be reversed only if there is a clear abuse of discretion. *Id.*

■ The trial court, in determining whether a modification in child support payments is appropriate, should compare the circumstances of the child and parents at the time the original decree was rendered in relation to the circumstances existing at the time the prior order is sought to be modified. *S.A.B.S. v. H.B.*, 767 S.W.2d 860, 862 (Tex.App.—Corpus Christi 1989, no writ); *citing for authority, Liveris v. Ross*, 690 S.W.2d 60, 61 (Tex.App.—Houston [14th Dist.] 1985, no writ). Clearly, the burden is on the movant to adduce evidence of the changed circumstances. *Bergerac v. Maloney*, 556 S.W.2d 586 (Tex.Civ.App.—Dallas 1977, writ dism'd w.o.j.).

■ The Supreme Court of Texas set the standard of review when considering abuse of discretion; the test is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether that court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). In other words, was the action by the trial court arbitrary and unreasonable. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984). The fact that the trial judge may have decided the matter within his discretionary authority in a different manner than an appellate judge in similar circumstances does not prove abuse of discretion. *Southwestern Bell Telephone Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965).

The court is guided by the following factors in determining the amount of child support:

(1) the needs of the child;

(2) the ability of the parents to contribute to the support of the child;

(3) any financial resources available for the support of the child; and

(4) the amount of possession of and access to a child.

Acts 1989, ch. 617, § 6, 1989 Tex.Gen.Laws 2036; *see now*, TEX.FAM.CODE ANN. § 14.052(b) (Vernon Supp.1990).

In the present case, the award of child support concerns a mentally retarded child, age eighteen at the time of the modification order. It is undisputed that at the time of divorce, when the child was five and one-half, both parties were aware of Trey's emotional and physical disabilities. Worford testified that twelve years had expired since the entry of the last decree ordering child support and that the cost of feeding, clothing, sheltering, and educating the child had increased. Stamper admitted that his income had increased since 1975, he paid his adult stepdaughter's medical expenses in 1986, and also assisted her with educational expenses. It is also undisputed by the parties that Trey would benefit from speech therapy and orthodontic work. The parties however, differ as to the benefits Trey would receive from special schooling that Worford desires for him.

We are aware that an order modifying a prior order of support can include provisions for the respondent to maintain medical insurance on the child and that he or she also be responsible for one-half of the medical needs of the child not covered by the insurance. The trial court must also look to any medical problems that the child may or may not have in relation to the amount of support that it will order. Therefore, the court has to balance the amount of support to be awarded between the medical needs covered by the insurance and the equal sharing of the parties to those amounts not covered by the insurance. Because of the unique disability of the child, the trial court had a difficult question to resolve since the amounts that may be covered by the medical insurance may not always be readily ascertainable.

The record shows that from 1975 through 1986, at the time of filing the suit, Stamper had offered to pay all of Trey's incurred medical expenses when requested to do so by Worford. Worford testified that she filed the suit to increase child support in order to get services for Trey that were not available at the Fort Worth

State School. The speech therapy and orthodontic dental services she sought were, in fact, available at the state school where Trey had been living since 1981. Furthermore, Worford removed Trey from the state school in February, 1987, approximately 8 months after she filed suit. The amicus curiae appointed by the trial court filed a report in which she indicated that such services were necessary.

Stamper argues that the temporary order to increase child support from $180 to $425 per month for support and maintenance, plus half of additional medical and training costs is adequate. We hold that Worford showed a material and substantial change of circumstances, but that the trial court abused its discretion in rendering the new order because there is insufficient evidence to support the amount of payment required by the new order. Even though the amount of child support payments is presumed to be reasonable, this is a rebuttable presumption. Acts 1989, 1st C.S., ch. 25, §§ 3 and 13, 1989 Tex.Gen.Laws 75, 78; see now, TEX.FAM.CODE ANN. § 14.05(j) (Vernon Supp.1990). Therefore appellant's fourth point of error is sustained, with the exception of the portion of the point of error which challenges the sufficiency of the evidence regarding the changed circumstances. Appellant's seventh point of error regarding proof of changed circumstances is overruled.

In his sixth point of error appellant argues that the trial court failed to rule that Worford had the burden of proof to show she was not financially able to pay one-half of all sums expended for medical reasons as a predicate for modification of the 1975 child support provision.

Worford, however, in her pleadings, did not seek to alter the "medical disability" obligation. We overrule point of error six because Worford did not need to show her inability to pay one-half of the medical disability expenses as a predicate to modification of the child support provision.

Appellant's second and third points of error complain that section 14.05(b) of the Texas Family Code is unconstitutional. Appellant, however, waived this constitutional challenge by not raising the issue at trial. City of San Antonio v. Schautteet, 706 S.W.2d 103, 104 (Tex.1986). Therefore, no error has been preserved for appeal and these points are overruled.

In his fifth point of error, appellant claims the trial court erroneously placed the burden of proof on Stamper rather than Worford. We have reviewed the record and, although we have found the evidence insufficient to support the amount of the trial court's award, we find no evidence that the trial court improperly placed the burden of proof upon Stamper rather than Worford. Appellant's fifth point of error is overruled.

Appellant's eighth, ninth, and tenth points of error concern evidentiary challenges. Because these challenges pertain to the issue being remanded and insufficient evidence to support the order, we decline to address these points of error.

Appellant's eleventh point of error challenges the award of compensation to be paid to the amicus curiae. It is not clear from the record or the briefs of the parties under what provision of the Family Code compensation was made to the amicus curiae. TEX.FAM.CODE ANN. § 11.18(a) (Vernon 1986) provides that the "court may award costs." In view of our ruling in this case wherein we reverse in part and remand to the trial court, it may be necessary for the trial court to reconsider its assessment of compensation of the amicus curiae. Accordingly, we neither sustain nor overrule point of error eleven, but we remand the issue to the trial court.

The judgment is affirmed regarding the showing of a substantial and material change of circumstances, reversed and remanded as to the amount of the order because of insufficient evidence to support such amount, and remanded for new trial on the issue of compensation to the amicus curiae. All costs are assessed against appellant.