Karnes v. Karnes 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-149-CV




MARY ANN KARNES,



 APPELLANT


vs.





WILLIAM DRAKE KARNES,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 473,380, HONORABLE PETE LOWRY, JUDGE PRESIDING


 




 Mary Ann Karnes appeals from three trial court orders issued in a suit affecting the
parent-child relationship. Tex. Fam. Code Ann. § 11.01(5) (West Supp. 1993) ("Family Code"). 
The first order decreases the child-support obligation of William Drake Karnes on his motion. 
See Family Code § 14.08(c)(2). The second order denies appellant's motion to set aside the first
order and order a new trial. The third order denies appellant's motion for enforcement of the
original child-support order. We will reverse and remand for retrial consistent with this opinion.



BACKGROUND


 Appellant and appellee were divorced in Sutton County on September 8, 1988. 
Appellant received custody of their one child, and the court ordered appellee to pay $750 per
month in child support. In June 1989, appellee filed a motion to modify his child-support
obligation.

 When appellant failed to appear at an August 5, 1991 hearing, the trial court heard
testimony and announced and rendered in open court a judgment in favor of appellee. (1) The
judgment called for a reduction of appellee's child-support obligation to $300 per month. 
Appellant later moved for a new trial and to enforce the original child-support order. On
November 7, 1991, the trial court denied appellant's motion for new trial and signed an order
reducing appellee's child-support obligation to $300 per month. The trial court modified
appellee's child-support obligation based on a finding that there had been a material and
substantial change in the circumstances of the parties, namely, a significant reduction in appellee's
net annual income. Family Code § 14.08(c)(2). The trial court also denied appellant's motion
to enforce child support payments at the original $750 per month level until November 7, 1991. 
Appellant had argued that the modification was not effective until the written order was signed.

 On appeal, appellant contends the trial court erred in (1) finding that there was a
material and substantial change in appellee's circumstances that warranted modification of his
child-support obligation; (2) denying appellant's motion for enforcement of the prior order; and
(3) denying appellant's motion for a new trial.



 DISCUSSION


 A trial court's modification of a child-support order involves a two-step process. 
First, the moving party must establish a material and substantial change in the circumstances of
the child, the obligor, or the obligee since issuance of the original order. Family Code
§ 14.08(c)(2). After determining that there are changed circumstances, the trial court must then
use the guidelines of Family Code section 14.056 (the "guidelines") to determine child-support
payments. Family Code § 14.052. 

 Even when the respondent fails to appear for the hearing, the movant must,
nevertheless, prove the elements required to obtain a modification. Considine v. Considine, 726
S.W.2d 253, 254 (Tex. App.--Austin 1987, no writ). In making the threshold determination of
whether there has been a material and substantial change in circumstances, the trial court may
consider the guidelines set forth in the Family Code. See Family Code § 14.056(a). The
guidelines suggest reviewing the needs of the child, the ability of the parents to contribute to the
support of the child, any financial resources available for the support of the child, and the amount
of possession of and access to the child. Family Code § 14.052(b). The court may also consider
other relevant factors in making its determination. Family Code § 14.056(b). 

 The court must consider the financial circumstances of the affected parties both at
the time the prior order was entered and at the time the modification is sought. Liveris v. Ross,
690 S.W.2d 60, 61 (Tex. App.--Houston [14th Dist.] 1985, no writ) (citing Stofer v. Linville, 662
S.W.2d 783 (Tex. App.--Houston [14th Dist.] 1983, no writ)). Evidence of financial setbacks will
not indicate changed circumstances unless the court is able to view those losses in the context of
a movant's complete financial situation. Liveris, 690 S.W.2d at 61.

 The trial court is given broad discretion in determining when a person seeking
modification has met the burden of proving changed circumstances. Cannon v. Cannon, 646
S.W.2d 295, 297 (Tex. App.--Tyler 1983, no writ). A trial court's order will not be disturbed on
appeal unless the court has clearly abused its discretion. Id. (citing Williams v. Williams, 596
S.W.2d 245 (Tex. Civ. App.--Houston [14th Dist.] 1980, no writ)).

 In her first three points of error, appellant complains there was no evidence to
support the trial court's finding that a reduction in appellee's income represented a material and
substantial change in his circumstances. In examining a no-evidence point of error, we must
consider only the evidence and inferences tending to support the finding and disregard all evidence
and inferences to the contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986),
cert. denied, 498 U.S. 847 (1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). See
generally William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient
Evidence," 69 Tex. L. Rev. 515 (1991). Furthermore, we must assume the trial court found
every fact necessary to sustain the judgment, and we are bound by such implied findings if there
is evidence of probative value to support them. Cozby v. Cozby, 597 S.W.2d 808, 809 (Tex. Civ.
App.--Tyler 1980, no writ).

 After reviewing the record we are unable to find any evidence supporting the trial
court's finding that there was a material change in appellee's circumstances because of appellee's
present financial setbacks. There is no evidence of appellee's income in 1988 other than his
conclusory testimony that he made more money then than he was making in 1991. Appellee's
bare assertion that he was making more money in 1988, without some testimony as to how much
he was making in 1988, is no more than a scintilla of evidence that his circumstances have
changed. Baker v. Baker, 719 S.W.2d 672, 676 (Tex. App.--Fort Worth 1986, no writ). The
record contains appellee's testimony of his 1990 gross and net income, but there is no evidence
establishing appellee's income in 1988 when the original order was entered. The record does
contain evidence of financial problems appellee suffered in the past several years. However, we
are unable to place these problems in a proper context without evidence of appellee's financial
standing at the time of the original order. Absent evidence allowing a comparison of appellee's
financial condition at the time of divorce with his present financial condition, we are unable to
uphold a finding of changed circumstances. See MacCallum v. MacCallum, 801 S.W.2d 579, 583
(Tex. App.--Corpus Christi 1990, writ denied) ("A showing of a material and substantial change
of circumstances is required in a motion to modify child support."). Because there was no
evidence to support a finding of changed circumstances, modification of appellee's child support
obligation was error. We therefore sustain appellant's first three points of error. In her
fourth point of error appellant complains of the trial court's failure to enforce child support at the
original level of $750 per month for the three month period between the court's oral
pronouncement and rendition of the child-support reduction on August 5th and the signing of the
written order on November 7th. Appellant argues that a written court order is necessary for a
child support order to be effective. The authority appellant cites does not support such a
proposition. Though an oral order rendered by the court may not be enforceable by contempt,
it can effectively modify child support as of a date certain. Both the statement of facts and the
order itself make it clear that it was the trial court's intention to reduce child support as of August
5, 1991, not on the later date when it signed the written modification order. We overrule the
fourth point of error. 

 In her fifth point of error appellant maintains that the trial court erred in denying
her motion for a new trial. Because sustaining appellant's first three points of error affords her
the relief she seeks, we do not address the fifth point of error.

 In her prayer for relief, appellant also requests attorney's fees. The decision to
award attorney's fees rests within the sound discretion of the trial court. Laviage v. Laviage, 647
S.W.2d 758, 761 (Tex. App.--Tyler 1983, no writ) (citing Reyna v. Reyna, 584 S.W.2d 926 (Tex.
Civ. App.--Houston [14th Dist.] 1979, no writ)). We do not have jurisdiction to award such fees
and will only reverse a trial court's award if it represents an abuse of discretion. Accordingly,
we deny the request.



CONCLUSION


 We sustain the three points of error complaining that there was no evidence to
support a finding of material and substantial change in the circumstances of appellee's income
between the date of divorce and the hearing on the motion to modify. We overrule or do not
address appellant's other complaints. Because it does not appear that the facts were fully
developed at the hearing below, in the interest of justice we remand the matter to the trial court
for retrial of the motion to modify. Butt v. Gonzalez, 646 S.W.2d 584 (Tex. App.--San Antonio
1983, no writ); Richard Orsinger, 6 Texas Civil Practice § 33:14, at 632 (1992 ed.). At that time,
if the evidence warrants a modification in support, the trial court may consider making any
reduction in support retroactive as permitted by the Family Code. Family Code § 14.08(c)(2)
(West Supp. 1993).



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Reversed and Remanded in Part; Affirmed in Part


Filed: December 8, 1993

Do Not Publish
1. The trial court's order on the motion to modify recites that the cause was heard
on August 5, 1991. The same order later recites that it was judicially pronounced and
rendered on August 3, 1991, two days before the hearing. Our review of the record reveals
that the hearing was held on August 5, 1991, and that the trial court pronounced its
judgment on that date.